```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :
                              :      CRIMINAL ACTION
            v.                :      NO. 00-419-03
                              :
JEFFREY JOHNSON               :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              JULY 27, 2009

      Petitioner Jeffrey Johnson ("Petitioner") is serving a 360-month term of imprisonment for conspiracy to distribute more than 50 grams of crack. Based upon Amendment 706 to the United States Sentencing Commission Guidelines (the "Guidelines"), which altered § 2D1.1 of the Guidelines, Petitioner requests a reduction of his sentence. For the reasons that follow, the petition for reduction of sentence will be denied.

I.  BACKGROUND

   A.  Petitioner's Sentence

      On July 18, 2000, Petitioner, along with several other defendants, was charged with conspiracy to distribute over 50 grams of crack cocaine, the distribution of crack cocaine, and the distribution of crack cocaine within 1,000 feet of a public housing facility, in violation of 21 U.S.C. § 846, 841, and 860, respectively.

      On December 20, 2000, Petitioner was convicted of conspiracy to distribute more than 50 grams of crack, in violation of 21

U.S.C. § 846.  The Pre-sentence Investigation Report calculated the offense level under U.S.S.G. § 2D1.1 to be 32, based upon a weight between 50-150 grams of crack cocaine.  Enhancements proposed by the probation department due to career offender guidelines brought the criminal history level to VI along with an increase in offense level from 32 to 37.  The offender guidelines for this range were and still are 360 months to life.  On February 13, 2002, Petitioner was sentenced to 360 months imprisonment.

      B.    <u>Changes to the Sentencing Guidelines</u>

On November 1, 2007, the United States Sentencing Commission (the "Commission") adopted Amendment 706 to the Guidelines to address what the Commission had come to view as unwarranted disparities in the sentences of defendants who possess or distribute various forms of cocaine.  Prior to November 1, 2007, the Guidelines provided for a 100-to-1 ratio in sentences for crimes involving cocaine powder compared to those involving crack.[1]  For example, § 2D1.1 of the Guidelines provided the same base offense level for a crime involving 150

---

[1] This ratio was derived from the 100-to-1 ratio created by Congress in its statutory mandate of minimum sentences for cocaine offenses.  <u>See</u> Anti-Drug Abuse Act of 1986, 21 U.S.C. § 841(b)(1) (requiring a five-year mandatory minimum penalty for a first-time trafficking offense involving 5 grams or more of crack, or 500 grams of powder cocaine).

kilograms or more of cocaine powder and for one involving 1.5 or more kilograms of crack.  U.S.S.G. § 2D1.1(c)(1) (2006).

Under the November 1, 2007 amendment, the ratio between powder and crack sentences has been decreased.  For example, 150 kilograms of cocaine powder is now treated as the equivalent of 4.5 kilograms of crack.  U.S.S.G. § 2D1.1(c)(1) (2007).  The bottom line for individual defendants is that a defendant sentenced under § 2D1.1 for a crack offense after November 1, 2007 receives a base offense level that is two levels lower than what he would have received for the identical offense if he had been sentenced before the November 1, 2007 amendment.  2 Federal Sentencing Guidelines Manual App. C 1160 ("Appendix C").

The Commission also altered the calculation of base offense levels for offenses involving crack and other controlled substances to reduce the impact of a crack conviction.  Id. at 1158-59.  The base offense level for these offenses is determined by converting the amount of each substance into a comparable amount of marijuana and then determining the base offense level for that amount of marijuana.  U.S.S.G. § 2D1.1, comment 10(A)-(E).  Amendment 706 provides that a given amount of crack translates into a lesser quantity of marijuana than it did under the old Guidelines.  Appendix C at 1158; compare U.S.S.G. § 2D1.1 (2007), with U.S.S.G. § 2D1.1 (2006).  Thus, post-amendment Guidelines ranges for crimes involving cocaine base and other

controlled substances are also lower than ranges for the same crimes pre-amendment.

The Commission based Amendment 706 on "its analysis of key sentencing data about cocaine offenses and offenders; [a] review[] [of] recent scientific literature regarding cocaine use, effects, dependency, prenatal effects, and prevalence; research[] [on] trends in cocaine trafficking patterns, price, and use; [a] survey[] [of] the state laws regarding cocaine penalties; and [the Commission's] monitor[ing] [of] case law developments." Appendix C at 1159-60.  This information led to the conclusion that "the 100-to-1 drug quantity ratio significantly undermines various congressional objectives set forth in the Sentencing Reform Act and elsewhere."  Id. at 1160.  The Commission "predicts that, assuming no change in the existing statutory mandatory minimum penalties, this modification to the Drug Quantity Table will affect 69.7 percent of crack offenses sentenced under § 2D1.1 and will result in a reduction in the estimated average sentence of all crack offenses from 121 months to 106 months . . . ."  Id. at 1160-61.

II.  MOTION FOR RESENTENCING

Petitioner moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) because of recent changes to the Guidelines in the treatment of offenses involving crack.

-4-

Section 3582(c)(2) provides the authority to reduce a sentence only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  The applicable policy statement, § 1B1.10(a), provides that if "the guideline range applicable to th[e] defendant has . . . been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below," a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2).  U.S.S.G. § 1B1.10(a).

    A.    Petitioner's Career Offender Status Renders Section 3582(c)(2) Inapplicable

        1.    Petitioner's sentence was based on his status as a career offender

Petitioner argues he is entitled to a sentence reduction pursuant to § 3582(c)(2) and Amendment 706 because his sentence was not entirely "based on" his status as a career offender.  A reduction in the Petitioner's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) if "an amendment does not have the effect of lowering the defendant's applicable guideline range."  United States v. Doe, 564 F.3d 305, 312 (3d Cir. 2009) (emphasis in original); see also, United States v. Wise, 515 F.3d 207, 221 (3d Cir. 2008), (finding "a reduction under § 3582(c)(2) is not authorized unless an amendment reducing the applicable [G]uidelines range is among those listed in § 1B[1].10(c) [of the Guidelines]"); see, e.g., United States v.

Sharkey, 543 F.3d 1236, 1239 (10th Cir. 2008) (refusing to reduce sentence for crack violation when amendment did not apply to the defendant's situation); United States v. McFadden, 523 F.3d 839, 840-41 (8th Cir. 2008) (same).

Moreover, "A reduction in sentence is not authorized under § 3582(c)(2) if an amendment is applicable to a defendant but "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory term of imprisonment)." U.S.S.G. § 1B1.10 n.1(A)(ii). The career offender guideline under § 4B1.1 qualifies as "another guideline" and therefore Amendment 706 does not have the effect of lowering a defendant's sentence because of the operation of another guideline such as the career offender guideline. See, e.g., United States v. Forman, 553 F.3d 585, 589-90 (7th Cir. 2009) (finding the defendant was not entitled to a sentence reduction due to Amendment 706 because he was sentenced as a career offender under § 4B1.1); United States v. Moore, 541 F.3d 1323, 1328 (11th Cir. 2008) (stating that even if Amendment 706 reduces a defendant's base offense level, it does not lower the applicable guideline range when the career offender guideline, § 4B1.1, applies).

Recently, the Third Circuit confirmed that a defendant sentenced as a career offender pursuant to § 4B1.1 is not entitled to a sentence reduction under Amendment 706 because the

defendant's sentence is not "based on" an offense level of § 2D1.1(c).  United States v. Mateo, 560 F.3d 152, 155 (3d Cir. 2009).  Rather, the base offense level for a defendant sentenced as a career offender remains the same due to career offender status, regardless of application of Amendment 706.  Id.  Therefore, Amendment 706 and § 3582(c)(2) do not apply to a defendant sentenced as a career offender.  Id.[2]

Here, Petitioner's sentence was "based on" his status

---

[2]  See also, United States v. Nabried, 310 Fed. Appx. 529 (3d Cir. 2009)(holding defendant was not entitled to a sentence reduction under Amendment 706 because he was sentenced according to § 4B1.1 of the Guidelines, rather than the crack provisions in § 2D1.1, and his sentence was not affected by Amendment 706); United States v. Thompson, 290 F. App'x 519, 520 (3d Cir. 2008) (finding that the defendant, sentenced as a career offender under § 4B1.1, was ineligible for a sentence reduction because his guideline range remained unchanged by Amendment 706, and § 2D1.1 played no role in determining his recommended guideline range).

Other circuits have also refused to grant sentence reductions under Amendment 706 when a defendant's sentence was "based on" his status as a career offender.  See, e.g., United States v. Baylor, 556 F.3d 672, 672 (8th Cir. 2009) (vacating district court decision granting reduction because the defendant's original and post-Amendment 706 guideline ranges are the same); United States v. Thomas, 524 F.3d 889, 890 (8th Cir. 2008) (finding that the defendant, classified as a career offender, was sentenced based on § 4B1.1, not § 2D1.1, and therefore does not meet the eligibility requirements for a sentence reduction under Amendment 706); United States v. Sharkey, 543 F.3d 1236, 1239 (10th Cir. 2008) (holding that because Amendment 706 had no effect on the career offender guidelines under § 4B1.1 on which the defendant's sentencing range was based, the defendant was not entitled to a sentence reduction); cf. United States v. McGee, 553 F.3d 225, 227 (2d Cir. 2009) (vacating district court's denial of a sentence reduction to a career offender because the defendant's sentence was based on the crack guidelines after a downward departure was granted due to the career offender classification over-representing his criminal history).

as a career offender.  Petitioner's sentencing guideline range was adjusted to offense level 37 and Criminal History Category VI through the application of the career offender sentencing guideline § 4B1.1.  Therefore, his sentence was not "based on" a guideline range determined by § 2D1.1.  Under these circumstances, Amendment 706 does not have the effect of lowering Petitioner's final guideline range because it does not effect the career offender guideline under § 4B1.1.  See Mateo, 560 F.3d at 155; Sharkey, 543 F.3d at 1239.

      Petitioner also argues that the term "based on" should be read broadly to suggest a sentence may have more than one basis.[3]  Regardless of the merits of this argument in general, because in this case Petitioner's sentence was based solely on his status as a career offender, the argument is inapplicable.  Moreover, even if Petitioner were sentenced under the current Guidelines, his sentence would still be "based on" the career offender designation.

---

[3] Petitioner cites United States v. Poindexter, 550 F. Supp. 2d 578, 581-82 (E.D. Pa. 2008), in support of his contention that "based on" should be read to include any factor that affected his sentence.  However, Poindexter is distinguishable from this case in that the Court determined the career offender status over-represented the total offense level in Poindexter's case and sentenced him based on the guideline range without the career offender application.  Id. at 580-81.

2. <u>The Rule of Lenity is not applicable here</u>

Petitioner contends that interpretation of § 3582(c)(2) is ambiguous and therefore the Rule of Lenity requires the Court to construe the statute in Petitioner's favor. The Rule of Lenity provides that where a criminal statute is ambiguous, it should be "construed in favor of the accused." <u>Staples v. United States</u>, 511 U.S. 600, 619 n.17 (1994). However, the Supreme Court has cautioned that lenity should be reserved for "'those situations in which a reasonable doubt exists about a statute's intended scope even <u>after</u> resort to the language and structure, legislative history, and motivating policies' of the statute.'" <u>United States v. R.L.C.</u>, 503 U.S. 291, 305-06 (1992) (quoting <u>Moskal v. United States</u>, 498 U.S. 103, 108 (1990) (internal quotations omitted)); <u>see also</u> <u>Muscarello v. United States</u>, 524 U.S. 125, 139 (1998) (lenity rule applies only where a "grievous ambiguity or uncertainty in the statue" exists) (internal quotations and citations omitted).

Petitioner argues that the ambiguity in § 3582(c)(2) arises from the imprecise meaning of the terms "based on" and "sentencing range." As the Court understands it, Petitioner advances the notion that the purpose of the Rule of Lenity is to prevent individuals from "languishing in prison" unless Congress has clearly intended that be the case, and that the fundamental principle behind § 3582(c)(2) functioned to "prevent the over-incarceration of individuals whom the Sentencing Commission has

-9-

determined have been unfairly sentenced." (Pet'r's Am. Mem. Supp. Mot. Red. Sent. 15, doc. no. 608.) Ergo, Petitioner argues, not applying the Rule of Lenity condemns individuals sentenced as career offenders to "languish in prison," while those sentenced based on the crack Guidelines are released. Id. at 16.

Section 3582(c)(2) is not ambiguous. In fact, Petitioner's argument is not really about ambiguity at all. Rather, at best it is a policy argument concerning the uneven effect of certain Guidelines provisions on the length of incarceration of certain inmates. The Rule of Lenity is not intended to referee between the wisdom of competing sentencing policies and thus it is inapplicable here. See, e.g., Rivera-Crespo, 543 F. Supp. 2d at 441; United States v. Marshall, No. 03-254-1, 2008 WL 4710748, at *3 (E.D. Pa. Oct. 24, 2008); United States v. Williams, No. 94-462-1, 2009 WL 661929, at *3 (E.D. Pa. Mar. 10, 2009); United States v. Jackson, No. 03-793, 2009 WL 101849, at *3 (E.D. Pa. Jan. 14, 2009).

> 3. Denying Petitioner's motion for sentence reduction does not oppose the Sentencing Commission's applicable policy statement

Petitioner also argues that § 1B1.10 of the Guidelines does not prevent the Court from reducing Petitioner's sentence in this case and that this section requires the Court "to give

consideration to policy statements in the course of engaging in a discretionary act, namely deciding whether to reduce an individual's sentence." (Pet'r's Am. Mem. Supp. Mot. Reduction Sent. 12, doc. no. 608.)  Section 1B1.10 sets forth the amendments that apply retroactively to alter a defendant's sentencing guideline range.  U.S.S.G. § 1B1.10.  The policy implications behind Amendment 706 were to eliminate unwarranted disparities in the sentences of defendants who possessed or distributed various forms of cocaine.  See 2 Sentencing Guidelines Manual App. C 1160.

Here, Petitioner's sentence was not based on any guideline that was altered by Amendment 706.  Therefore, § 1B1.10 does limit the ability of the Court to grant sentence reductions under § 3582(c)(2).  Furthermore, Petitioner's sentence was based on his career offender status.  Under these circumstances, reducing Petitioner's sentence would not be consistent with the policy considerations behind Amendment 706 and the desire to eliminate unwarranted disparities between crack and cocaine sentences.

    B.    <u>Booker</u> Does Not Provide the Authority to Resentence <u>Petitioner</u>

Petitioner also argues that, based on the Supreme Court decision in <u>United States v. Booker</u>, 543 U.S. 220 (U.S. 2005) the Court is free to reduce the defendant's sentence to any degree it

-11-

deems appropriate.  Id., (holding Guidelines are advisory). Specifically, Petitioner suggests that "once the gate to a reduced sentence opens under section 3582(c)(2), the Court is bound only by the 'overarching provision' in 18 U.S.C. § 3553(a)."  (Pet'r's Am. Mem. Supp. Mot. Red. Sent. 18, doc. no. 608.)  According to Petitioner, the overarching instruction calls for the court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes [of this section]." 18 U.S.C. § 3553(a).

        The Court recognizes that the Guidelines are now advisory and that unwarranted sentencing disparities can be considered as part of the sentencing equation.  However, Congress' directive that sentences are final unless a reduction is consistent with the Guidelines policy statements is controlling.  Therefore, the Court may not, under the guise of applying § 3582, reduce Petitioner's sentence when the applicable guideline range has not been addressed by Amendment 706.  Mateo, 560 F.3d at 155; see, e.g., United States v. Melvin, 556 F.3d 1190 (11th Cir. 2009) ("[c]oncluding that Booker . . . do[es] not apply to § 3582(c)(2) proceedings, we hold that a district court is bound by the limitations on its discretion imposed by § 3582(c)(2) and the applicable policy statements by the Sentencing Commission"); Carrington v. United States, 503 F.3d 888, 890-91 (9th Cir. 2007) (finding Booker is not pari passu with an amendment to the Guidelines sufficient to provide a basis for

reducing a defendant's sentence under § 3582(c)(2)); United States v. Carter, 500 F.3d 486, 490-91 (6th Cir. 2007) (same); McMillan v. United States, 257 F. App'x 477, 479 (3d Cir. 2007) (same) (not precedential); Cortorreal v. United States, 486 F.3d 742, 744 (2d Cir. 2007) (holding Booker cannot be the basis for a reduction of sentence under § 3582(c)(2)).

Furthermore, the Third Circuit in Doe held that Booker only "applies to full sentencing hearings -- whether in an initial sentencing or in a resentencing where the original sentence is vacated for error," but not to sentence modification proceedings under § 3582(c)(2). Doe, 564 F.3d at 313 (quoting United States v. Dunphy, 551 F.3d 247, 253 (4th Cir. 2009)); see also United States v. McBride, 283 F.3d 612, 615 (3d Cir. 2002) (citing United States v. Faulks, 201 F.3d 208, 210 (3d Cir. 2000) (distinguishing a "full resentencing" from a reduction of sentence under § 3582(c)(2)); but see United States v. Hicks, 472 F.3d 1167 (9th Cir. Alaska 2007) (holding that under Booker, the Sentencing Guidelines are not mandatory in all contexts.) Here, since Petitioner is not entitled to relief under § 3582(c)(2), Booker has no effect on Petitioner's sentence.

C.  This Court Will Not Hear Oral Argument on this Subject

Petitioner urges the Court to entertain oral arguments on the "important legal and factual questions" in this case. The decision whether to conduct a hearing is within the discretion of

the district court.  See United States v. Young, 555 F.3d 611, 615 (7th Cir. 2009); see also Fed. R. Crim. P. 43(b)(4) (a defendant's presence is not required when the "proceeding involves the correction or reduction of sentence . . . under 18 U.S.C. 3582(c)").  Where a request for a sentence reduction is contrary to the policies of the Sentencing Commission, it is not an abuse of discretion to deny an evidentiary hearing.  See, e.g., United States v. Brown, 556 F.3d 1108, 1112 (10th Cir. 2009).

There is no need to hold oral argument or a sentencing hearing in this case.  First, the legal issue is clear - under the circumstances of the case, the court may not grant a sentence reduction under § 3582(c)(2), and doing so would be contrary to the policies of the Guidelines.  Second, there are no factual issues to be decided surrounding the conduct of Petitioner's sentencing proceedings.  Third, the policy arguments advanced by Petitioner are not supported by the jurisprudence which has developed under the Guidelines.  Rather, these policy arguments can best be addressed by the Commission or Congress.

Petitioner relies on United States v. Ragland, 568 F. Supp. 2d 19 (D.D.C. 2008), for support.  There, the court invited further submission from the parties after deciding to grant a reduction in the sentence under Amendment 706 in order to consider a new sentencing range.  Ragland is distinguishable in that here, unlike Ragland, the Court has declined to grant a

sentence reduction and therefore it is not considering a new sentencing range.

III. CONCLUSION

    For the reasons set forth above, the motion for a reduction in sentence will be denied.  An appropriate order follows.